LAWRENCE BUTLER, DEFENDANT IN ERROR, v. FARR & BAILEY MANUFACTURING COMPANY, PLAINTIFF IN ERROR.

WALTER BUTLER, DEFENDANT IN ERROR, v. FARR & BAILEY MANUFACTURING COMPANY, PLAINTIFF IN ERROR.

Submitted December 11, 1911—Decided March 4, 1912.

Where the sort or degree of protection a given safeguard is intended or apparently designed to afford is a matter as to which different inferences may legitimately be drawn from the testimony, it is not error for the trial court to refuse to withhold the question from the jury.

On error to the Supreme Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendants in error, *Stackhouse & Kramer.*

The opinion of the court was delivered by

GARRISON, J. Two writs of error bring up two judgments of the Supreme Court affirming two judgments of the Camden Circuit in actions brought by a father and his minor son for injuries received by the latter.

The Supreme Court found no error in the trial proceedings. Inasmuch as the refusal of the trial court to grant a nonsuit or direct a verdict is mainly relied upon for reversal, it is necessary to consider what facts the jury could properly find from the testimony or, since there is a judgment, what facts the jury presumably did find. Such facts upon error constitute the state of the case to which the appropriate legal principles are to be applied.

Thus regarded, the facts to be dealt with are these:

Butler, the younger, was a workman of the defendant at a machine operated by shafting that, at a height of two feet

and two inches from the floor, ran parallel with and one foot and ten inches distant from a wall. In front of this shafting for its whole length, and at a distance of two feet and ten inches from the wall, ran a railing which was consequently parallel with the wall, leaving a space of one foot between the railing and the shafting. This railing, which was ostensibly and admittedly intended for some sort of a safeguard, was three feet and six inches in height with a lower railing two feet and ten inches from the floor, and constructed of two-inch iron piping, not only as to the railings but also as to the uprights, which, at the point where they rested on the floor, were provided with a flat foot six inches in diameter, on which the weight of the appliance rested. At each of its ends the railing that ran parallel with the wall made a right angle and ran for a shorter distance towards the wall, thus enclosing the shafting on three sides, the wall constituting the fourth side. At the time the motion to nonsuit was made, it did not appear whether or not the feet on which the railing rested were fastened to the floor, but it might have been found from the testimony that they appeared to be or even that they were intended to be. When the motion for a direction was made, there was testimony that the feet were not secured to the floor but were kept in place solely by the weight of the structure. A fellow-workman having accidentally been caught by the shafting that was enclosed by this railing, young Butler reached between the two railings and seized him, at the same time holding on with his other hand to the top railing, which either fell over with him or moved toward the shafting so that he also was caught by it and injured.

The grounds on which the motion for a nonsuit was rested were not stated, and in consequence have to be gathered from two or more printed pages of argument. The grounds on which this argument seems to be based are—*first,* that there was no occasion for the plaintiff to interfere, and *second,* that there was no negligence on the part of the defendant. The direction of a verdict was asked upon these grounds and that of contributory negligence.

The points, however, relied upon in this court are—*first,*

that the master was not required to guard against possibilities that could not reasonably be anticipated; *second,* that there was no evidence from which the jury could find that the railing was designed to withstand a pull upon it, and *third,* that the trial court erred in leaving the question of the defendant's negligence to the jury.

The situation is very like that in *Smith* v. *Mountain Ice Co., 45 Vroom* 26. In that case, Smith, by the slipping of an ice hook, on which he was making traction, fell backward against the railing of a bridge on which he was standing, which was torn from its post by the impact, inflicting injuries for which he recovered a substantial verdict. Upon a rule to show cause, the Supreme Court set this verdict aside upon the ground that the trial judge had not left it to the jury to say whether or not the rail had been provided to secure the plaintiff in case of accidents such as that which occurred, or whether or not its construction indicated that it was apparently designed to withstand such impact, but had himself decided at least one of these questions. This, it was pointed out, was error unless the fact so decided was of an indisputable character, which the Supreme Court, because of conflicting inferences that might be drawn from the testimony, thought that it was not.

So in the present case, for the same reason, we think that it would have been error for the trial court to have assumed the duty of deciding what sort of protection the appliance furnished by the master was intended to afford, or what degree of force its construction indicated it was apparently designed to withstand. The answer to these questions necessarily includes the question as to what the master should be held to have anticipated.

Whether or not these questions in this precise form should have been left to the jury is not within our present decision, as it is of no moment to the plaintiff in error, whose contention is that the question of the master's negligence should not have been left to the jury in any form. We think that it should, and that while the form of such submission is not before us on any exception, the ruling of the trial judge in

refusing to take the case from the jury is before us and its correctness affirmed for the reasons stated.

Our consideration of the other points relied upon for reversal discloses no error. The judgment of the Supreme Court in each of the two cases is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 13.

*For reversal*—None.